JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-0872 AG (DFMx) | Date | July 8, 2016 |
|---|---|---|---|
| Title | SHADYLANE HOLDINGS 1006 ET AL. v. CALIBER HOME LOANS ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REMANDING ACTION TO STATE COURT**

Plaintiffs David and Nancy Epstein and Shadylane Holdings 1006, LLC sued Defendants Caliber Home Loans, Inc. and Quality Loan Service Corporation in state court for claims arising from a pending home foreclosure. (Complaint, Dkt. No. 1, Ex. A.) Caliber is the lender of the Epsteins' defaulted home loan and Quality is the trustee under the deed of trust. (*Id.* ¶¶ 3, 7.)

On May 11, 2016, Caliber removed this case to this Court, seeking to invoke this Court's diversity jurisdiction. (Notice of Removal, Dkt. No. 1.) On June 8, 2016, the Court issued an Order to Show Cause ("OSC") as to why this case shouldn't be remanded for lack of subject matter jurisdiction. In particular, the Court was concerned about whether there was complete diversity of citizenship, as both Quality and Plaintiffs are California citizens. (OSC, Dkt. No. 10.) Caliber responded, arguing that Quality should be disregarded for purposes of diversity jurisdiction because Quality is a "nominal" defendant. (Response to OSC, Dkt. No. 13.) The Court isn't persuaded.

The Court finds this matter appropriate for disposition without oral argument. The Court REMANDS this case to state court for lack of subject matter jurisdiction.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0872 AG (DFMx) | Date | July 8, 2016 |
|---|---|---|---|
| Title | SHADYLANE HOLDINGS 1006 ET AL. v. CALIBER HOME LOANS ET AL. | | |

## LEGAL STANDARD

The Court must jealously guard its jurisdiction. *Olmos v. Residential Credit Sols., Inc.*, 92 F. Supp. 3d 954, 955 (C.D. Cal. 2015). Courts have diversity jurisdiction over cases where the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity jurisdiction requires the parties on each side of the "v." to be citizens of different states — a concept called "complete diversity." *Hunter v. Philip Morris U.S.A.*, 582 F.3d 1039, 1043 (9th Cir. 2009). Removing defendants must show complete diversity existed at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). For purposes of complete diversity, "'[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'" *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). Removing defendants have the burden of proving a defendant is a nominal party. *Sanchez v. Wells Fargo Bank, N.A.*, No. LACV 15-07720 JAK (PJWx), 2016 WL 1408051, at *3 (C.D. Cal. Apr. 8, 2016).

## ANALYSIS

Caliber has not met its burden of showing that Quality is a "nominal" party.

First, Quality did not achieve formal status as a nominal party at the time of removal. Under California Civil Code Section 2924*l*, trustees may become a nominal party after they file a declaration of non-monetary status and plaintiffs make no objection to that status within fifteen days. Cal. Civ. Code § 2924*l*(d). Here, Caliber filed its Notice of Removal only minutes after Quality filed such a declaration of non-monetary status in state court. (Response to OSC, Dkt. No. 13.) Thus, Caliber deprived Quality of the fifteen-day period needed to become a nominal party under Section 2924*l*. *See Sun v. Bank of Am. Corp.*, No. SACV 10-0004 AG (MLGx), 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010).

Second, Caliber has not persuaded the Court that Quality is a nominal party "with nothing at stake [to therefore] be disregarded in determining diversity, despite the propriety of [its]


JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0872 AG (DFMx) | Date | July 8, 2016 |
|---|---|---|---|
| Title | SHADYLANE HOLDINGS 1006 ET AL. v. CALIBER HOME LOANS ET AL. | | |

technical joinder." *Id.* (citing *Strotek*, 300 F.3d at 1133). The Ninth Circuit has recognized that trustees who are "joined purely as a means of facilitating collection" are "paradigmatic nominal defendant[s]." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). But a defendant loses nominal status where a plaintiff's substantive allegations go beyond claims arising from mere collection of the judgment. *Sanchez*, 2016 WL 1408051, at *5.

Plaintiffs allege that Quality failed to identify the amount due on the Epsteins' home loan. Under California Civil Code Section 2924(b), "trustee[s] shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default . . . ." The issue of whether Quality made a good-faith error not only involves a substantive claim that goes beyond a trustee's role in facilitating collection, but also requires the Court to weigh the merits of such a claim. The Court declines to analyze the merits of that claim at this early stage.

Because parties on either side of the "v." are California citizens, there is no complete diversity. *Hunter*, 582 F.3d at 1043. And without complete diversity, the Court lacks subject matter jurisdiction over this action.

**DISPOSITION**

The Court therefore REMANDS this case to state court for lack of subject matter jurisdiction.

: 0

Initials of Preparer    lmb